Filed 4/2/24  P. v. Sanchez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ALBERT SANCHEZ,<br><br>Defendant and Appellant. | F086233<br><br>(Super. Ct. No. F20908574)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

Conness A. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Poochigian, J. and DeSantos, J.

Counsel for defendant Albert Sanchez submitted a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), asking this court to conduct an independent review of the record on appeal. Although we offered defendant the opportunity to present his own brief by way of a letter, he has not responded.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Consistent with our Supreme Court's direction in *Kelly*, we provide a brief description of the relevant facts and the procedural history of this case. (*Kelly*, at p. 110.) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## PROCEDURAL SUMMARY[1]

Following a preliminary hearing, an information was filed on February 10, 2023, charging defendant with second degree burglary of a structure (Pen. Code,[2] §§ 459/460, subd. (b), a felony; count 1), unlawful possession of body armor (§ 31360, subd. (a), a felony; count 2), possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a), a misdemeanor; count 3), possession of an injection/ingestion device (Health & Saf. Code, § 11364, a misdemeanor; count 4), and possession of burglar's tools (§ 466, a misdemeanor; count 5). The information further alleged defendant had prior convictions, including a prior "strike" conviction. On February 17, 2023, defendant pled not guilty to all five charges, and denied all allegations of enhancements and prior convictions.

On April 10, 2023, defendant completed a felony advisement, waiver of rights, and change of plea form. In court defendant then entered pleas of no contest to counts 1

---

[1]     Prior to the preliminary hearing in this matter, the court held a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, at defendant's request. After hearing defendant's concerns about his attorney's performance and reviewing evidence presented by the attorney contradicting representations made by defendant, the court denied defendant's request for a new attorney.

[2]     All further statutory references are to the Penal Code unless otherwise specified.

2.

and 2.  The trial court accepted the plea and found it was "made knowingly, intelligently and voluntarily," and that it was supported by a factual basis pursuant to *People v. West* (1970) 3 Cal.3d 595.  Defendant further admitted a "strike" prior from 1997.  The remaining counts and allegations were then dismissed.

On May 8, 2023, defendant was sentenced to the two year middle term for count 1, and another two year middle term for count 2, which was ordered to be served concurrently with the term for count 1.[3]  Referencing *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, the court chose not to double the base term citing the age of the prior "strike" conviction.  Against defendant's total prison term of two years, defendant was credited with 485 days of custody and good time credits.

Defendant filed a notice of appeal on May 8, 2023.  Defendant did not ask the court to grant him a certificate of probable cause.

### FACTUAL SUMMARY[4]

While patrolling a former boot camp located in Fresno County on October 8, 2020, a Fresno County Sheriff's deputy spotted a couple of vehicles that caused some concern, because the vehicles should not have been present on the property.  A California Highway Patrol (CHP) officer, who was partnered with the deputy as part of a task force, testified that after approaching the second vehicle and engaging in some conversation with defendant, a pat down search was conducted, as well as a consensual search of the vehicle.  During the vehicle search, evidence of heroin and drug paraphernalia was found, including needles.  Also found at this time was a broken padlock, a crowbar, bolt cutters, other assorted tools, and Kevlar type panels.  Surveillance video recorded on October 7,

---

[3]   At the hearing held on April 10, 2023, defendant also entered a no contest plea to a misdemeanor charge in a separate case.  That no contest plea was not addressed at the May 8, 2023 sentencing hearing, and is not reflected on the abstract of judgment for this case.

[4]   This factual summary is taken from the testimony provided at the preliminary hearing held on February 3, 2023.

3.

2020, at the facility and reviewed about a week later showed an individual wearing similar clothing to that worn by defendant on October 7, using tools that looked like the tools confiscated from defendant at the time of the search.  The video also showed the individual who looked like defendant assisting another person to break into the generator room at the facility.

## DISCUSSION

Having carefully reviewed the entire record provided in this case, we conclude there are no arguable issues on appeal.  (*Wende*, *supra*, 25 Cal.3d at pp. 441–443.)

## DISPOSITION

The judgment is affirmed.